IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-604-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JEROME JOHNSON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 2837). The defendant claims that if sentenced today, his sentence would be lower because his instant offense is no longer classified as a controlled substance offense under § 4B1.2 of the U.S. Sentencing Guidelines and thus, he is no longer a career offender. The defendant claims that this disparity constitutes an extraordinary and compelling reason for a reduction of his sentence.

The government has responded in opposition to the motion and asserts, among other things, that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant has replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion (ECF No. 2837) is respectfully denied.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act of 2018, courts could only consider compassionate release upon motion of the Bureau of Prisons (BOP). *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Today, however, § 3582(c)(1)(A) allows a defendant to file his own motion for compassionate release directly with the federal court so long as he first fully exhausts all administrative remedies.

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement— United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276.

2

For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id.* at 281–82, 284. Therefore, a court remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended Guidelines §1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

As is relevant here, U.S.S.G. §1B1.13(b)(5) states a potential qualification if the defendant presents any other circumstance or combination of circumstances that, when

considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Additionally, § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Finally, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. First, the court determines whether

extraordinary and compelling reasons support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Finally, if the court finds that an extraordinary and compelling reason warrants relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021).

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added). And, a defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence reduction. 28 U.S.C.§ 944(t).

Finally, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v.*

*Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021),  18 U.S.C. § 3582(c)(1)(A).

The government concedes that the defendant has properly exhausted his administrative remedies.  The court will now review the matters on the merits.

PROCEDURAL HISTORY

*The Criminal Offense and Sentencing*

The defendant was charged in a multi defendant case related to an FBI investigation into a Folk Nation gang drug trafficking organization (DTO).  A federal court authorized the wiretap of phones used by this DTO, and evidence at sentencing showed Johnson was personally responsible for more than 5 kilograms of powder cocaine, 4.5 kilograms of marijuana, and quantities of crack cocaine.  Evidence also indicated that while one co-conspirator was fleeing from police after throwing a pipe bomb in someone's house, Johnson robbed a drug dealer in Holly Hill, South Carolina of two trash bags full of marijuana. Johnson paid another co-conspirator between 2 and 5 pounds of that stolen marijuana for picking Johnson up after the robbery. Separately, Johnson had robbed one of his own cocaine suppliers of 2 kilograms of cocaine from a hotel in Summerton, South Carolina.

The defendant was one of 32 defendants named in a one count Superseding Indictment filed in the District of South Carolina on April 21, 2015.  Specifically, Count 1 charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), 846, and 851.

The government filed an Information pursuant to 21 U.S.C. § 851 (ECF No. 318) notifying the defendant that he was subject to increased penalties based upon two prior state convictions for: (1) 1995 possession with intent to distribute cocaine—sentenced to 7 years; and (2) 1999 possession with intent to distribute cocaine 2nd— sentenced to 5 years; and possession with intent to distribute marijuana 2nd.[2]

The defendant pleaded guilty to the lesser included charge[3] contained in Count 1 pursuant to a written Plea Agreement (ECF No. 977).

The United States Probation Office (USPO) prepared a Presentence Report (PSR)[4] (ECF No. 1284) which proposed that the defendant's base offense level was 30, with 2 levels added because the defendant used threats of violence during his drug distribution, for an adjusted total of 32. Then, pursuant to U.S.S.G. § 4B1.1(a), the defendant was determined to be a career offender because he had at least two prior felony convictions for controlled substance offenses. This raised his offense level to 37. The defendant was credited with 3 levels for acceptance of responsibility which brought his total offense level down to 34.

The defendant's subtotal criminal history score was 8. However, because at the time the federal offense was committed the defendant was on state probation for failure to stop

---

[2] The defendant had also been convicted for the illegal possession of a firearm on two occasions, cocaine possession, failure to stop for blue light, and cocaine trafficking, among others.

[3] The lesser included charge to which the defendant pleaded was for 500 grams or more of cocaine powder.

[4] The 2015 Guidelines Manual was used in preparing the PSR.

for a blue light, two additional criminal history points were added for a total of 10 points,[5] which established a criminal history category of V.  Also, because the defendant was a determined to be a career offender, his criminal history category increased to VI.  The proposed Guideline range was 262 to 327 months.

On July 11, 2016, this court sentenced the defendant to 244 months incarceration, with the sentence to run concurrently with the remaining undischarged term of state court imprisonment.[6]  The court also sentenced the defendant to 8 years of supervised release.

The defendant did not file an appeal of his judgment and conviction, nor has he previously challenged his sentence pursuant to 28 U.S.C.§ 2255.

ANALYSIS

I.  *Relief Pursuant to § 404 of the First Step Act*

The government first suggests that the defendant seeks relief under § 404 of the First Step Act.  To the extent the defendant seeks a reduction under the First Step Act, his motion is without merit.  Section 404(b) of the First Step Act of 2018 retroactively applied the

---

[5]  On June 10, 2024, the USPO prepared a Sentence Reduction Report (SRR) (ECF No. 3026) to address whether or not the defendant qualified for a reduction pursuant to Amendment 821 of the U.S.S.G. The USPO found that the defendant did not qualify because the defendant received a lower sentence by virtue of a § 3553(a) variance at his original sentencing hearing. Thus, even if his criminal history points were lowered from 10 to 9, his criminal history category remains at VI based on his career offender enhancement.

[6]  At the time of his sentencing, the defendant was in state custody at the S.C. Department of Corrections where he was serving a 7-year sentence for trafficking in cocaine which was relevant conduct to the instant offense. His projected release date was December 14, 2020. This court gave him credit for 18 months already served in state custody which is why the court sentenced the defendant to a custodial term of 18 months below the low end of his Guideline range.

reduced penalties for certain crack cocaine offenses provided by the Fair Sentencing Act of 2010. The defendant was not convicted of a "covered" offense because the object of his conviction was powder cocaine and not crack cocaine. *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). The Fair Sentencing Act did not amend the penalties regarding cocaine powder. Thus, the defendant is not eligible for relief on this basis. Moreover, the defendant was sentenced after the Fair Sentencing Act of 2010 became effective.

II.  *Motion for Compassionate Release — No Longer A Career Offender*

The defendant argues that his sentence should be reduced because he is no longer a career offender as to his § 846 conspiracy charge. He cites to the case of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) wherein the Fourth Circuit established that an § 846 conspiracy conviction is no longer considered a controlled substance offense within the meaning of the career offender Guidelines. The Court did not deem this intervening change in the law to be retroactive. *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021).

The government concedes that the defendant is correct that in light of intervening case law, *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), his offense of conviction (drug conspiracy in violation of 21 U.S.C. § 846) would no longer trigger a career offender designation under U.S.S.G. §4B1.1. However, the intervening change brought by *Norman* was not deemed to be retroactive. Further, the government argues that to grant relief to Johnson risks creating an unwarranted sentencing disparity as it relates to Johnson's 31 co-defendants charged in this case.

In the first SRR (ECF No. 2846), the USPO opines that the defendant's prior convictions for possession with intent to distribute cocaine both remain as predicate convictions for a "controlled substance offense" under the definition set forth at U.S.S.G. §4B1.2(b). While there is no change in the analysis of his prior convictions, the defendant's instant offense of conviction for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851, would no longer be considered to be for a "controlled substance offense" in light of *Norman*, under an "if sentenced today" scenario. The USPO also noted the Fourth Circuit's holding in *Norman* was not deemed to apply retroactively.

Based on this information, if the defendant was being sentenced today post-First Step Act of 2018 and post-*Norman*, the defendant would be exposed to non-Career Offender guideline provisions of a Total Offense Level of 29 and a Criminal History Category of V (the defendant has 10 criminal history points), and the guideline range would have been 140 to 175 months. Providing the same adjustment to the sentence to account for the undischarged term of imprisonment (18 months) resulting from the state sentence determined to be relevant conduct pursuant to U.S.S.G. §§ 5G1.3(b)(1) and (2), the range of imprisonment would be 122 to 157 months.

The government next argues that the Fourth Circuit case of *United States v. Ferguson*, 55 F.4th 262 (4th Cir. Nov. 29, 2022) supports its position that § 3582(c)(1)(A) is not the

proper vehicle[7] to seek a reduction in sentence due to a change in the career offender designation under *Norman*. In *Ferguson*, the Court held that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *Id*. The government contends that this holding precludes a finding that the defendant's sentencing disparity due to his career offender designation is an extraordinary and compelling circumstance warranting sentence reduction.

In this court's opinion, however, *Ferguson* does not affect the defendant's case because the defendant does not claim a sentencing error. Rather, the defendant argues that a non-retroactive intervening change in the sentencing law which occurred after his original sentencing would result in his not being classified as a career offender if sentenced today. Thus, the defendant asserts that the change in the law as a result of *Norman* creates an extraordinary and compelling reason for a sentencing reduction, such as what occurred in the case of *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

However, *McCoy* is no longer the governing standard applicable here. Instead, any requests for compassionate release, including those based on subsequent changes in the law, are now governed by the standards set forth in the November 2023 changes to the U.S.S.G. policy statements.

---

[7] Instead, a defendant must collaterally attack his sentence via direct appeal or the exclusive method in 28 U.S.C. § 2255. *Ferguson* held that where specific statutes already afford avenues for relief for claims of sentencing errors, a defendant must pursue the same through those statutes, and not through a motion for compassionate release. *Ferguson* unanimously rejected that a defendant's arguments attaching the validity of his convictions or sentence can qualify as an extraordinary and compelling reason for compassionate release. Morever, the fact that a defendant may be procedurally barred from raising his arguments in a § 2255 motion does not qualify as an extraordinary and compelling reason for compassionate release.

As an initial matter, the defendant does not meet the criteria for a sentence reduction under U.S.S.G. § 1B1.13(b)(6) because this subsection limits consideration of changes in law to defendants who have served at least 10 years of the term of imprisonment. The defendant has not meet the 10 year threshold. As of the date of this order, the defendant has received credit for service since May 29, 2015 and he has served almost 111 months of his 244 month sentence. The defendant's sentence was imposed prior to the December 21, 2018 enactment of the First Step Act.

As the Commission's November 2023 Policy Statement itself makes clear, "[e]xcept as provided in [§ 1B1.13(b)(6)], a change in the law ... shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c).

This court may not grant a reduction that is inconsistent with the applicable policy statements issued by the Sentencing Commission in November 2023. Accordingly, the court cannot find an extraordinary and compelling reason under § (b)(6).

Likewise, this court cannot find an extraordinary and compelling "other reason" under § (b)(5) as the defendant suggests because his claim for an unusually long sentence squarely falls under § (b)(6).

### III. *Factors under § 3553(a)*

A determination whether or not the defendant has demonstrated extraordinary and compelling reasons for consideration of his or her release does not end the court's inquiry.

12

Under Fourth Circuit guidance, this court will now make an individualized assessment of the defendant's case, with specific attention to the factors under 18 U.S.C. § 3553(a) factors, and also with review of the defendant's post-sentencing conduct while incarcerated. The court will address the § 3553(a) factors in turn.

1. *Nature and Circumstances of the Offense*. The nature and circumstances of the defendant's offense is discussed in depth above and incorporated herein.

2. *History and Characteristics of the Defendant*. The defendant is now 49 years old and he was approximately 40 years old at his conviction. He has received credit for time served since May 29, 2015 which he is currently serving at FCI McDowell. He has served approximately 111 months of his 244-month sentence. His anticipated release date is December 2033.

The defendant was born in Baltimore, Maryland and moved to Orangeburg County, South Carolina when he was very young. He described his childhood as good and stated he had a stable home. His mother passed away in 2011 and his father lives in South Carolina, although the defendant has not been in contact with him for some time. He has five other adult siblings. The defendant is single and has never been married. He has one child.

The defendant graduated from high school and attended a technical college. He has prior employment working for a construction company, floor installer, and duct worker. The defendant was a member of the National Guard from 1991 to 1996.

*Post Sentencing Conduct and Rehabilitation*

The government states that the BOP has no record of any disciplinary infractions while the defendant has been incarcerated. Commendably, the defendant states that he has been participating in post-rehabilitative programs.

3. *Seriousness of the Crimes*. As evidenced by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crimes as very serious, fully supportive of a significant sentence.

4. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*. The court finds a significant sentence is necessary to promote respect for the law and just punishment.

5. *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*. The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6. *Whether the Sentence Protects the Public from Future Crimes of the Defendant.* The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant.

7. *Need to Avoid Unwarranted Disparity*. Compared with the culpability of similarly situated defendants, the defendant's imposed sentence was not out of line.

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent changes in sentencing laws and amendments to the Guidelines.

In summary, the court does not find an extraordinary and compelling reason for consideration of compassionate release on defendant's argument relating to his claim of no longer being a career offender and having a sentencing disparity.

Moreover, the defendant has not served the requisite 10 years of the term of imprisonment, and thus, this court is without authority to consider the defendant's claim under § (b)(6) at this time.

For the reasons stated herein, the defendant's motion (ECF No. 2837) is respectfully denied.

IT IS SO ORDERED.

September 5, 2024                               Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

15